The next case today is Carlos Amodovar v. Dennis Richard McDonough, Appeal No. 21-1061. Attorney Stone, please introduce yourself for the record and proceed with your argument. Please support, I am Attorney Robert S. Stone and I represent the appellant Carlos Amodovar in this case. This case challenges a federal agency's action and should be reversed as Mr. Amodovar is a 30% or more disabled veteran and was not afforded the rights under 5 United States Code 33-118 and given extra due process not afforded to less disabled veterans. The agency selected a less disabled veteran over Mr. Amodovar without getting the permission required from the Office of Personnel Management to do so. The appellee's whole case is based on 5 Code of Federal Regulations 302-401 where it has the delegated authority to develop a list, interview individuals and select off that list. However, the caveat here is that it cannot select a 30% disabled, pass over and select a lesser 30% disabled veteran without permission from the Office of Personnel Management. Mr. Amodovar is a 30% or more seriously disabled veteran and they selected a lesser disabled veteran, passed him without the required permission from OPM and they also passed over another seriously disabled veteran that was listed above the selectee without permission from OPM. That permission is not delegated to the agency. OPM has held onto that and it requires that the disabled veterans, the seriously disabled of the action to pass them over in writing and given the reasons why with the evidence and given 15 days to respond. The agency did not do that. It made the selection without giving either veteran, but in this case Mr. Amodovar, that notice, right to be heard, right to object and the limited hearing before the Office of Personnel Management. That was a denial of due process. Throughout the appellee's brief, they argued that they made the proper selection off the list that they developed and they completely avoided the regulation requiring the due process issues given to seriously disabled veterans. Mr. Stone, you're making an argument, if I'm following you correctly, that the defendant violated the OPM regs that required them to seek permission before selecting the other person. If I'm following you correctly. That is correct, Your Honor. But is there a claim for that in this case? Isn't there a separate administrative process that you are? No, Your Honor. The agency has misrepresented that also. There's two processes. One is called the Veterans Employment Opportunity Act and the other is USERRA. United States Reemployment and Employment Act for Veterans. Have you made a claim under either one of those? I thought this was a discrimination. It is, Your Honor. But based on race, nationality, disability and something else. Yes, Your Honor. I did make a discrimination claim. But it was also based in the fact that he is a 30% or more seriously disabled veteran. And the Marist Systems Protection Board and the federal courts have been very clear that you don't have to state USERRA specifically. That just if you allege USERRA via facts that could lead to a USERRA case, it's considered USERRA. In Apelli's brief, they admit that there is jurisdiction, there could be jurisdiction under USERRA. But they have tried to take USERRA and combine it with the VEOA, which has completely different administrative procedures. USERRA can appeal directly to the Marist Systems Protection Board. It does not have to have any administrative requisites. And it cannot, again, I would stress, it cannot be filed simultaneously with the board and the EEOC. You have to file a mixed-use case complaint. It was clear- But that's not the complaint that you had in front of the district court. I understand. It is, Your Honor. He is a disabled veteran. And it was because of his status as a disabled veteran that they, one of the issues, it doesn't have to be the entire issue, the courts have been playing on this, one of the issues was he was a 30% or more disabled veteran. So it's your contention that you can litigate a case through discovery, through summary judgment? You're on mute. You're muted, sir. This circuit, no, Your Honor, this circuit has held that the standard 56, Rule 56 summary judgment issues do not apply. The agents that the court must look to the administrative record, that is in 5 USA 706, to determine all issues of fact and law raised in the administrative record. These issues were raised in the administrative record and the court never looked at the administrative record to make its decision. It ignored it and it based it solely on the violations of the federal rules for the civil procedure. And I would also like to bring up at this point, with that being said, that I didn't ask you before you get to that, just so I understand what's before us. It sounds like you're saying one thing that's before us is that the district court erred by failing to treat you as having raised a USERRA claim, even though you did. Is that what you're arguing? According to the American System Protection Board, the facts of a USERRA claim was there and the agency acknowledged it. That's not what I asked you. I did. What you're asking, on appeal, is one of the grounds of your appeal that the district court erred by not treating you as having raised a USERRA claim when you did. Yes. Okay. Do you have any other arguments besides that one that you're making to us? Yes. Okay. I thought you were also making an argument that under the other claim that you brought, the non-USERRA claim, you win because of a pretext showing or something like that. And that the district court also erred because of the way it applied the local rule. Yes. Your Honor, let me get my footing here. The district court did not consider the administrative record. It had to. This court has said that the 56th standard does not apply due to the limited role of reviewing the administrative record. That was in International College of Business v. Duncan in 2015. The administrative record was ignored and the judge made his decision basically on the errors made by this counsel. When you're saying they should refer to the administrative record, I thought this was a case where we have a summary judgment record. This isn't a review of an agency action. This is a normal summary judgment record with facts from normally supported by depositions or interrogatories or affidavits. So when you're referring to the administrative record, what are you talking about? I'm talking about the original mixed case complaint which the agency misclassified that went to the MSPB and the EEOC which did not make the decision and the appellant had the right to go into federal court. So the EEOC, you're saying we should follow the EEOC, use the EEOC record? Yes, that and the MSPB record. That is what 5 U.S.C. 706 says. Are those in front of us? Yes. Do we have those? That is part of the record. That was transferred over from the district court. That was argued in my brief. The evidence in the administrative record was not disputed and it shows that the agency violated its own regulations in Title 38 and did not obtain the permission to pass over my client. It's clear, Your Honor. Can I just ask one thing on this, putting aside the USERRA claim issue for a second, with respect to the discrimination claim, which is a Title VII claim, is that right? Yes. With respect to the Title VII claim, if we were to conclude that the district court did not err in its application of the local rule, which I know you say it did, but if we concluded it did not err in applying the local rule, as it did, can you win on appeal on the Title VII issue? Yes. Okay, how could you? Because that would mean we strike all of the evidence you put forward with respect to the No, Your Honor, the administrative record is part of the evidence. So all that would be left would be the administrative record on that, right? One minute, counsel. No, Your Honor, there was also argument made. Now, this court has accepted the fact that you're supposed to look to the content of a mislabeled pleading, and it was argued in there that they didn't follow, they didn't comply with 32-401, the Code of Federal Regulations. That's it. For all number of judgment purposes, though, you've got to have something in the record. Yes, Your Honor, there is. The appellant filed a motion to amend after he received information that the agency withheld in violation of 26A. It was an affidavit from the senior EEO manager for the New England region saying that she had personally witnessed discrimination against the appellant over the years. Mr. Stone, when you received that copy of that handwritten memo, which was a month after the discovery had closed, did you ask to reopen discovery? I argued with the agency, and they said, well, it wasn't favorable information, and they argued against it. But I would also like to say, Your Honor, that I was suffering from two life-threatening illnesses, and I was hospitalized for a long period of time. The agency knew that. That's why there's so many mistakes. I had to handle it mainly from my hospital bed, and I couldn't find alternate counsel for the appellant. But it was clear on the face of that affidavit that it was supposed to have been released at the beginning of discovery under 26A. It was favorable. It was evidence that was taken in the normal course of their duties, and it is exempt as hearsay under federal civil procedure, I believe it's 806. The agency withheld it, and it would have changed the entire outcome of the case. I would have had that individual interviewed. She retired in 2020, and she is adamant that she witnessed ongoing discrimination because of my client's Spanish accent. Who is James Nucas? James Nucas is the attorney that sponsored me as Pro Hoc Vici in the main district court. And the agency bases 99% of its argument on 5 CFR 302-401, and says it did everything it was supposed to, but it overlooks Jennery v. Department of Defense, where the Federal Circuit Court of Appeals found that regulation invalid without the due process awarded under 3308. The agency has completely ignored it and tried to have it dismissed based on a VEO claim when this was not a VEO claim. The agency does admit in its appellant brief that this could be a USARE complaint, which has no time limit, no statute of limitations. It could be 30 years from now. I could file an USARE complaint. And 706 says if they didn't follow their procedures, it must be reversed. And all I'm asking at this point is that it be reversed, that my client is allowed to file an amended motion and proceed. Are there any more questions for Mr. Stone? Thank you. Unless you have anything further, Mr. Stone, thank you. No, Your Honor. Attorney Stone, please mute your audio and video. Attorney Sainer, please unmute your audio and video and proceed with your argument. Thank you. May it please the Court, Kaitlin Sainer for the defendant appellee, Dennis McDonough, Secretary of the U.S. Department of Veterans Affairs. I'd like to begin by just setting the record straight as to what this case is and is not about. This is an employment discrimination case. It is not a Veterans Employment Opportunity Act. That claim was never pled. In fact, it was expressly disavowed by the appellant in discovery. Even if it were pled, it would not be exhausted. There was no claim ever brought before the MSPB, which is where that claim would have been required to first go. In fact, the VA, in its summary judgment papers at VA Appendix 81, has submitted a Certificate of Business Authenticity from the MSPB. A recordkeeper there conducted a search of the MSPB's records and concluded there were no records found matching your criteria. The criteria searched were the appellant's name. This is also not a USERRA case. Again, that claim was never pled. Even if it were pled, it's not exhausted. Even if it were exhausted, it wouldn't be proper in this court. Those claims can only be brought before the federal circuit. So, turning back to what this case is about, it's pled as an employment discrimination case arising under Title VII for sex on the basis of sex and the Rehabilitation Act on the basis of disability. Perhaps it's pled also under the ADA, which the government would argue as a federal employee appellant has no redress under that statute. The appellant's primary argument, as I understand, is that the non-selection of the supervisory diagnostic radiologic technologist position in 2016 was somehow the product of disability because the VA did not adhere to the notice and appeal procedures that are required by the Veterans Preference Laws, specifically those at 5 U.S.C. 33-118. The VA's position is that the record demonstrates there was a legitimate non-discriminatory reason for the appellant's non-selection. He was selected for an interview. He had an interview, and his interview was lacking in comparison to the winning applicant. The VA's position is that appellant has not met his burden to demonstrate that the VA's explanation is pretext for any discrimination. There's no evidence or even a claim that I can see that any of the panelists, all of whom were medical or technical staff, not HR staff, no evidence that any of them even knew about the differences in veterans preference status between the appellant and the winning applicant. I think you asserted in your brief that, and I think the declarations confirmed that, but that the panelists state that they did not know about his earlier EEO activity. That's correct. The panelists did not know, and the VA's view is that even if they did know, it was four years prior, which is... I understand that even if they did know, it was four years prior. I just sort of want to double check on that because I was a little surprised. Kimberly Metcalf was his supervisor in 2012, right? Not the top person there, but his immediate supervisor, correct? That's correct. Yes, Your Honor. In May 2012, there was a settlement agreement of EEO cases in which a whole number of That's correct, Your Honor. Yes. It doesn't seem likely. I understand the plaintiff's attorney never took Ms. Metcalf's deposition, but it just seems surprising to me that she wouldn't know of his EEO activity. I agree, four years earlier wouldn't be sufficiently tied, but I'm just surprised by the assertion that she didn't know about it when she was his supervisor at the time of the settlement in 2012. Thank you, Your Honor. Yes, it's my understanding that she did not know of that process, and she was not his direct line supervisor, I would note. That was Dr. Gonzales. I'm sorry, that was Dr. Gideon at the time, and I would like to touch on him as the appellant here has stated in his reply brief and in other places in his brief, and I'd just like to correct the assertion. He states that the memo, and I'm talking about the 2012 memo here, which I can elaborate on, but the appellant has stated, the memo stated that Dr. Gideon admitted that he did not select appellant for the SDRT position, that's the position in 2015 and 16, because of his accent and national origin. I'd just like to set the record straight on this document. This memorandum is from 2012. It's written by the VA's senior New England EEO manager. It solely concerns workplace dynamics with the appellant's former supervisor, Dr. Gideon, who left the VA in 2013. The appellant has stipulated to this fact in a summary judgment record. The SDRT hiring process occurred several years later in 2015, 16, and there's just really no inference that can be drawn that Dr. Gideon had any involvement whatsoever in the hiring process. He's gone from the VA, he'd been gone for several years, and there's no connection in the record between Dr. Gideon and the decision makers for the SDRT hiring. I'd just like to be clear that this memorandum has absolutely nothing to do with the 2016 non-selection, and it does not establish that Dr. Gideon did not select the appellant because of his national origin or any other protected class. I just want to untangle what's exactly before us. Yes. With respect to the application of the local rule, if we were to conclude that the district court correctly applied that local rule, what is it, what is left on your understanding of the plaintiff's record that could support summary judgment? Nothing, right? Yes. It's my view that there's nothing. Go ahead, Your Honor. With respect to the administrative record and the references to the administrative record, what's your understanding of the relevance of that to any issue that would be left for us to consider at summary judgment? Thank you, Your Honor. With respect to my colleague's assertion that, as I understand, his view is that the whole administrative record is somehow admissible in the summary judgment proceeding. I think that's incorrect. That's, you know, not documenting. In your view, how much of any of it is relevant to the summary judgment? None of it, in your view? None of the administrative record, Your Honor? Yes. Well, certainly some of it is relevant. Some of the documents and investigations from that record are contained within the record if they're supported by affidavits and admissible evidence, but certainly not wholesale. If the local rule was correctly applied, then your view is that none of it is admissible? None of the administrative record? Or is that not? I'm just trying to get clarity on that point. Yes, Your Honor. My view is that the portions of the administrative record that were contained in the VA's summary judgment brief and properly supported by record evidence are admissible. The portions that were just appended to Appellant's various motions for summary judgment without affidavits or any evidentiary foundation are not admissible. And so, continuing on, Appellant, during his argument, cited the Gingery case, which is a federal circuit case. It's not an employment discrimination case. It has no bearing on whether the Appellant here can demonstrate that the VA discriminated against him under the federal anti-discrimination laws in not selecting him. And then I'd also like to turn to the Appellant's secondary argument in his brief, which is that the district court abused its discretion in denying the Appellant's motion to amend the VA's position is that the district court did not abuse its discretion. It correctly applied the stringent good cause standard that was applicable here given where this case was when the motion to amend was filed. It was very far along. In fact, it was past summary judgment briefing. And so, to reiterate from my brief, I would emphasize that the amended request was unduly delayed and prejudicial. It was filed 13 months after the deadline to amend pleadings. I certainly am cognizant of my colleague's medical concerns, but nevertheless, there was a 10-month delay between when the memorandum was given to Appellant's counsel, which it was given as soon as it was discovered from the manager who was retiring. It was given over, and then there was a 10-month lag. Even if that amendment were allowed, what would your position, did it add anything that would keep the case alive? No, it doesn't, Your Honor. It was seeking to add… Five minutes, counsel. Thank you. The count that it proposed to add would have been futile on a motion to dismiss, let alone on summary judgment for several reasons. The new claim was pled as an interference claim, which there was no authority cited for this. I don't know how that would have been cognizable under any federal anti-discrimination statute. I would agree with you there's nothing cognizable there, but I do have some concern that an EEO officer held onto this memo, that there's ongoing litigation involving this individual, and that that wasn't… I understand that the lawyers turned it over as soon as they got it. I guess the question is, the agency, if their EEO officer has these notes regarding past things, you may say, well, if we had reviewed it, we would have thought this isn't relevant, but I'm a little surprised that that surfaces only when she retired and not as a matter of course when you're searching for documents regarding this individual. Yes, Your Honor. I would just reiterate that the agency handed it over as soon as it received the document. Again, our view is that that document from four years later has no bearing whatsoever on the claim that is pled in this lawsuit, which, as the appellant has indicated in both the summary judgment brief and in this appeal, focuses on conduct that happened four years later. I certainly hear your concern, and I would just emphasize that it was given over as quickly as possible. I understand my colleague raises some Brady violations, which he appears to abandon in his reply. I can address those if the court wishes, although I think they're entirely inapplicable here. Does anyone have any more questions for Ms. Sater? I think we're all set, Ms. Sater, unless you have anything further to close with. Nothing further. Thank you very much, Your Honor. That concludes argument in this case. Attorney Stone and Attorney Sater, would you disconnect from the hearing at this time?